FILED

AUG 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Cesar Solario
Reg.No.07653-112  B-1
FCI Texarkana
P.O. Box 7000
Texarkana, TX 75505-7000

Defendant in Propria Persona

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

CESAR SOLARIO,                )   Civil Action No._____
                              )
         Plaintiff,           )   COMPLAINT FOR DECLARATORY
                              )   AND INJUCTIVE RELIEF.
    -vs-                      )
                              )
OFFICE OF                     )   CASE NUMBER 1:05CV01617
PROFESSIONAL RESPONSIBILITY,  )
                              )   JUDGE: Unassigned
         Defendant,           )
                              )   DECK TYPE: FOIA/Privacy Act
                                  DATE STAMP: 08/12/2005

CASE RE-ASSIGNED
SEP 21 2005
KOLLAR-KOTELLY, J.CKK

     This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. 552, as amended, and the Privacy Act (PA), 5 U.S.C. §582a, to order the production of agency records previously requested by plaintiff pursuant to the above-referenced acts and which requests have been denied by the defendant agency.

///
///
///
///

RECEIVED
AUG - 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1  This court has jurisdiction over this action pursuant to 5 U.S.C.
2  §552(a)(4)(B) and 5 U.S.C. §552A(g)(1)(B); (g)(1)(D); (g)(3)(A); (g)(3)(B);
3  (g)(4)(A) and (g)(4)(B).
4  Plaintiff Cesar Solario, is a federal prisoner in the Federal Correctional
5  Institution at Texarkana, Texas. He is the requestor of the withheld records.
6  Defendant Office of Professional Resposibility is an agency of the United
7  States, and it has possession of, and control over, the records that plaintiff
8  seeks.
9  The following is a list of the requests made by plaintiff to the defendant
10 agency and disposition:
11 On 03/17/05, plaintiff mailed a FOIA request to the defendant agency. No
12 responsive records were furnished and agency responded with a letter on 04/06/05
13 alleging that the plaintiff's request was an invasion of personal privacy.
14 Plaintiff submitted an appeal on 04/19/05. On 05/06/05 plaintiff received a
15 letter from the office handling the appeal but no responsive records were sent.
16 The office handling the appeal on 07/12/05 affirmed the action of the Office of
17 Proffesional Responsibility alleging exemptions under 5 U.S.C. §552(b)(6) and
18 under 5 U.S.C. §552(b)(7)(C) and suggested that plaintiff seek judicial review.
19 A true copy of the above request, appeal and letters are attached as Exhibits.
20 Plaintiff has a legal right to the records that he seeks, and legal
21 precedent indicates that he does have a right to records, one purpose that the
22 FOIA was designed for is to "check against corruption". See Multnomah County
23 Medical Soc'y v. Scott, 825 F.2d at 1415 (quoting NLRB v. Robbins Tire & Rubber
24 Co., 437 U.S. 214, 242 (1978); see also Arieff v. United States Dep't of the
25 Navy, 712 F.2d 1462, 1468 (D.C. Cir. 1983); Washington Post Co. v. HHS, 690 F.2d
26 252, 264 (D.C. Cir. 1982); National Ass'n of Atomic Veterans, Inc. v. Director,
27 Defense Nuclear Agency, 583 F. Supp. 1483, 1487 (D.C. Cir 1984). In this case
28 Plaintiff wants to know if the U.S. Attorney Office for the Central District of

1  California complied with chapter 1-4.100 of the United States Attorney's Manual
2  (USAM) by reporting misconduct of Law Enforcement Official (Douglas John Bos)
3  that was arrested, prosecuted and served time in FCI Lompoc CA, and that previous
4  to his arrest, prosecution and incarceration for Obstruction of Justice, he had
5  investigated, arrested and helped to plaintiff's prosecution, by giving testimony
6  at plaintiff's trial, in Case No.96-847 -RSWL. If you see <u>Akron Standard Div. of
7  Eagle-Picher Indus. v. Donovan</u>, 780 F.2d 568, 572 (6th Cir. 1986) (information
8  relating to job performance that "had been fully explored in public proceedings"
9  not exempt).

10    Therefore, plaintiff prays that this court:

11    (1) Declare that defendant's (Office of Professional Responsibility) refusal
12  to disclose the records requested by plaintiff is unlawful.

13    (2) Issue an injuction order to prevent the Office of Professional
14  Responsibility from obstructing the public to check against corruption.

15    (3) Make a written finding that the circumstances surrounding the
16  withholding raise questions whether there has been an arbitrary and capricious
17  agency action and make a referral of the matter to the Merit Systems Protection
18  Board for investigation, pursuant to subsection (a)(4)(F).

19    (4) Award Plaintiff his costs and reasonable attorney's fees if any in this
20  action.

21    (5) Expedite lawsuit pursuant to 28 USC §1657(a).

22    (6) Grant such other and further relief as the Court may deem just and
23  proper.

25  DATED:  July 28, 2005.                    Respectfully Submitted,

                                              Cesar Solario
                                              Cesar Solario in Pro Se'

3

<u>CERTIFICATE OF SERVICE</u>

Original and three copies, and separate copies of the following documents described as: Complaint for Declaratory and Injuctive Relief. Were mailed to the following addresses enclosing them in sealed envelopes addressed as follows:

Clerk of
U.S. District Court
District of Columbia
333 Constitution Ave., NW
Washington, D.C. 20001

U.S. Attorney Civil Division
Main Justice Building
10th Street & Constitution Ave., NW
Washington, D.C. 20530

Office of the Attorney General
Main Justice Building
10th Street & Constitutional Ave., NW
Washington, D.C. 20530

U.S. Department of Justice
Office of Professional Responsibility
950 Pennsylvania Ave., NW
Room 3266
Washington, D.C. 20530

Pursuant to the holding in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), by placing these sealed envelopes in the U.S. Mailbox, postage prepaid, provided for inmate mailing at FCI Texarkana, Texarkana Texas.

I, Cesar Solario, certify the above to be true and correct under the penalty of perjury.

DATED: July 28, 2005.

                                                Respectfully Submitted,

                                                *César Solario*
                                                Cesar Solario in Pro Se'

///

///

///

ATTACHED EXHIBITS

Freedom of Information Unit  
Office of Professional Responsibility  
Department of Justice  
20 Mass., Avenue, NW  
Room 5001  
Washington, DC 20530

March 17, 2005.

Dear Sir/Madam,

Re: Freedom of Information Request

Pursuant to the Freedom of Information Act, 5 U.S.C. 552, and the Privacy Act, 5 U.S.C. 552a, I hereby request access to a copy of all records pertaining to: (1) Any report(s) made by U.S. Attorney Office for the Central District of California in regards of the conviction of who was former agent for DEA task force in Ontario California, Douglas John Boss; (2) Any reports made by any prosecutor from the Central District of California in regards of alleged misconduct by this former DEA agent Douglas John Bos in my investigation, arrest, prosecution and conviction, Case No. CR 96-847(A) -RSWL; (3) Any report made by any source in regards of misconduct from Douglas John Boss and private investigators Ruddy Perez and Louis Moreno in my case; (4) Any investigation made by OPR in regards to this convicted former DEA agent Douglas John Boss in my case.

I request a waiver of fees because my interest in the records is not primarily commercial and disclosure of the information will contribute significantly to the understanding of the operations or activities of the government because this corrupt agent was the investigative agent in my case.

I will expect a response within 10 working days as provided by law. If my request is denied in whole or in part, I expect a detailed justification for withholding the records. I also request any segregable portions that are not exempt to be disclosed.

05 1617    **FILED**

AUG 1 2 2005

NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

Page 1 of 2

REQUEST LETTER

Thank You for your prompt attention to this matter.

Sincerely,

*Cesar Solario*
Cesar Solario
Reg.No.07653-112   B-1
FCI Texarkana
P.O. Box 7000
Texarkana, TX 75505-7000

U.S. Department of Justice                                   Certification of Identity



---

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Cesar Solario

Citizenship Status [2]  U.S. Federal Inmate   Social Security Number [3]  N/A

Current Address  FCI Texarkana, P.O. Box 7000, Texarkana TX 75505-7000

Date of Birth  June 21, 1970       Place of Birth  MEXICO

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  César Solario                   Date  March 17, 2005

---

OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to: _____

Print or Type Name

---

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016                                                FORM DOJ-361
EXPIRES 2/29/04                                                                APR 01



**U.S. Department of Justice**

Office of Professional Responsibility

---

*Washington, D.C. 20530*

APR - 6 2005

Cesar Solario
Reg. No. 07653-112
B-1
FCI Texarkana
P.O. Box 7000
Texarkana, Texas 75505-7000

Dear Mr. Solario:

    This is in response to your March 17, 2005 Freedom of Information Act and Privacy Act request for records concerning "Douglas John Boss[,] Ruddy Perez [and] Louis Moreno[.]" We received your request on March 24, 2005.

    After careful consideration of your request, I have decided to refuse to confirm or deny the existence of records responsive to your request. Lacking an individual's consent, an official acknowledgment of an investigation, or an overriding public interest, even to acknowledge the existence of investigatory records pertaining to an individual would constitute a clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C. §552(b)(6) and could reasonably be expected to constitute an unwarranted invasion of personal privacy pursuant to 5 U.S.C. §552(b)(7)(C).

    If you are not satisfied with this response, you may appeal in writing within sixty days of your receipt of this letter to the Co-Director, Office of Information and Privacy. Your letter and envelope should be marked "FREEDOM OF INFORMATION APPEAL" and addressed to:

        U.S. Department of Justice
        Office of Information and Privacy
        Flag Building
        Suite 570
        Washington, D.C. 20530

**AGENCY RESPONSE**

If you are dissatisfied with the result of any appeal you make, judicial review may thereafter be available to you in the United States District Court for the judicial district in which you reside, or in which you have your principal place of business, or in the District of Columbia.

Sincerely,

Marlene M. Wahowiak
Assistant Counsel
for Freedom of Information and Privacy Acts

**AGENCY RESPONSE**

U.S. Department of Justice                                April 19, 2005.
Office of Information and Privacy
Flag Building
Suite 570
Washington, D.C. 20530

Re: Freedom of Information Appeal

Dear Sir/Madam,

By letter dated March 17, 2005, I requested access to records concerning any report(s) or allegation(s) of misconduct in regards of Douglas John Bos among others -in my investigation, arrest, prosecution etc.- made by U.S. Attorney Office for the Central District of California. By letter dated April 06, 2005, Mr./Ms. Marlene M. Wahowiak, of the Freedom of Information Unit from the Office of Professional Responsibility, denied my request. Pursuant to the Freedom of Information Act, 5 U.S.C. 552, I hereby appeal that denial. I have enclosed a copy of my request letter and the denial that I have received.

One purpose that the FOIA was designed for is to "check against corruption". See Multnomah County Medical Soc'y v. Scott, 825 F.2d at 1415 (quoting NLRB v. Robbins Tire & Rubber Co, 437 U.S. 214, 242 (1978); see also Arieff v. United States Dep't of the Navy, 712 F.2d 1462, 1468 (D.C. Cir. 1983); Washington Post Co. v. HHS, 690 F.2d 252, 264 (D.C. Cir. 1982); National Ass'n of Atomic Veterans, Inc. v. Director, Defense Nuclear Agency, 583 F. Supp. 1483, 1487 (D.D.C. 1984). In this case, there is a strong public interest -besides my own interest- to know if the U.S. Attorney Office for the Central District of California complies with chapter 1-4.100 of the United States Attorney's Manual (USAM) by reporting misconduct allegation's of Law Enforcement officials that give testimony -like Douglas John Boss- at trial, (See attached copy of trial transcript where this agent provided testimony for the Government). See Akron Standard Div. of Eagle-Picher Indus. v. Donovan, 780 F.2d 568, 572 (6th Cir. 1986)(information relating to job performance that "had been fully explored in public proceedings" not exempt). Therefore, the office of Professional

Responsibility cannot invoke Exemption 7(c) to shield the fact that a third party -Douglas John Boss, among others- has been investigated, since the U.S. Attorney Office for the Central District of California has already publicly confirmed the arrest and conviction of this dishonest agent. Thus, there is no privacy interest, and no exemption apply in these circumstances.

I expect a response and the requested information and or records within 20 working days, as the law provides.

Very Truly Yours,

*Cesar Solario*
Cesar Solario
Reg.No.07653-112   B-1
FCI Texarkana
P.O. Box 7000
Texarkana, TX 75505-7000

Page 2 of 2



U.S. Department of Justice

Office of Information and Privacy

*Telephone: (202) 514-3642*　　　　　　　　　　*Washington, D.C. 20530*

MAY 0 6 2005

Mr. Cesar Solario
Register No. 07653-112, Unit B-1
FCI Texarkana
P.O. Box 7000
Texarkana, TX 75505-7000

　　　Re: Your letter dated April 19, 2005

Dear Mr. Solario:

　　　This is to advise you that your administrative appeal from the action of the Office of Professional Responsibility on your request for information from the files of the Department of Justice was received by this Office on April 28, 2005.

　　　The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-1658**. Please mention this number in any future correspondence to this Office regarding this matter.

　　　We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

　　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　　Priscilla Jones
　　　　　　　　　　　　　　　　　　　　　　Chief, Administrative Staff

  

U.S. Department of Justice

Office of Information and Privacy

*Telephone: (202) 514-3642*          Washington, D.C. 20530

JUL 12 2005

Mr. Cesar Solario
Register No. 07653-112, Unit B-1
Federal Correctional Institution     Re:  Appeal No. 05-1658
Post Office Box 7000                      Request No. F05-0025
Texarkana, TX  75505-7000                 RLH:JGM:JTR

Dear Mr. Solario:

You appealed from the action of the Office of Professional Responsibility on your request for access to records concerning Douglas John Bos, Ruddy Perez, and Louis Moreno.

After carefully considering your appeal, I have decided to affirm the action of the OPR in refusing to confirm or deny the existence of the records you requested. Without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual would constitute a clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C. § 552(b)(6), and could reasonably be expected to constitute an unwarranted invasion of personal privacy pursuant to 5 U.S.C. § 552(b)(7)(C).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director