UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CESAR SOLARIO,                                    )
                                                  )
            Plaintiff,                            )
                                                  )
      v.                                          )        Civil Action No.:   05-1617 (CKK)
                                                  )
OFFICE OF PROFESSIONAL                            )
RESPONSIBILITY,                                   )
                                                  )
            Defendant.                            )
_____)

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, identified in the Complaint as the Office of Professional Responsibility,[1] by

and through undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Civ. P.

56(c), for summary judgment in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"),

case, as no records have been improperly withheld from Plaintiff and Defendant is entitled to

judgment as a matter of law.  In support of this motion, Defendant files the declaration of Dale K.

Hall, Freedom of Information Specialist, Office of Professional Responsibility ("OPR") of the

Department of Justice ("DOJ") and accompanying exhibits.[2]  Defendant also submits the

attached memorandum of points and authorities, statement of material facts not in dispute, and

proposed order.

Plaintiff, *pro se*, should take notice that any factual assertions contained in the

declarations and other attachments in support of Defendant's motion will be accepted by the

Court as true unless Plaintiff submits his own affidavit or other documentary evidence

_____

[1]   Under 5 U.S.C. § 552(a)(4)(B) and (f)(1), the only proper defendant in this case is the
United States Department of Justice.
[2]   Attached as Exhibit 1.

contradicting the assertions in Defendant's materials.  See <u>Neal v. Kelly</u>, 963 F.2d 453 (D.C. Cir.

1992); <u>see</u> <u>also</u> Local Rule 7.1(h); Fed. R. Civ. P. 56(e).  Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial.  If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).


Dated: November 23, 2005.

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_/s/_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7220

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CESAR SOLARIO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:  05-1617 (CKK)** |
| ) | |
| **OFFICE OF PROFESSIONAL** ) | |
| **RESPONSIBILITY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE ISSUE

Pursuant to LCvR 7.1(h), Defendant Office of Professional Responsibility ("OPR"), a component of the United States Department of Justice ("DOJ"), respectfully submits this statement of material facts as to which there is no genuine dispute.  The attached declaration of Dale K. Hall supports this statement.

1.    On March 24, 2005, OPR received a FOIA/PA request from the Plaintiff dated March 17, 2005, along with a Certification of Identity (Form DOJ-361) verifying the Plaintiff's identity.  Specifically, the Plaintiff requested a copy of "all records pertaining to: (1) Any report(s) made by U.S. Attorney Office for the Central District of California in regards of the conviction of who was former agent for DEA task force in Ontario California, Douglas John Boss; (2) Any reports made by any prosecutor from the Central District of California in regards of alleged misconduct by this former DEA agent Douglas John Bos[s] in my investigation, arrest, prosecution and conviction, Case No. CR 96-847(A) -RSWL; (3) Any report made by any source in regards of misconduct from Douglas John Boss and private investigators Ruddy Perez and Louis Moreno in my case; [and] (4) Any investigation made by OPR in regards to this convicted

former DEA agent Douglas John Boss in my case." Decl. ¶ 18, Exh. 6.

2.    OPR maintains its information concerning investigations based upon the category of complaint involved, and it stores the information in databases using the software application Bibliographic Retrieval Service (BRS). These databases include "correspondence matters," "inquiries," "investigations," and FOIA/PA records. See Decl. ¶15.

3.    On March 25, 2005, OPR conducted a search of all BRS databases using the Plaintiff's name to locate any complaints filed by the Plaintiff against any of the subjects identified in his request. No records pertaining to any such complaints filed by the Plaintiff were located. Decl. ¶ 19.

4.    Next, OPR conducted several searches with respect to the Plaintiff's request for information about the third-party individuals identified in the Plaintiff's request. Dale Hall conducted a search of DOJ's internet website for any records (i.e., press release) to determine whether DOJ had officially acknowledged the existence of an OPR investigation pertaining to the subjects of Plaintiff's request, but no such records were located. Mr. Hall also conducted a search of Westlaw databases "ALLNEWSPLUS," "LEGALNP," and "CANEWS" for any news articles that contained an official DOJ acknowledgment of an OPR investigation concerning the subjects of the Plaintiff's request, but no such news articles were located. Mr. Hall conducted a search of Westlaw database "ALLFEDS" to identify any court opinions containing a judicial criticism and referral of possible professional misconduct to either DOJ or OPR involving the subjects of the Plaintiff's request, but no such court opinions were located. Finally, Mr. Hall conducted a review of OPR's public summary index to determine whether DOJ had issued any public summaries concerning an investigation of alleged misconduct by any of the subjects of the

Plaintiff's request, but no such public summaries were located.  Decl. ¶ 20.

5.     To date, Plaintiff has not provided OPR with written authorization from any third

party for release of information or any proof of death for any of the individuals about whom

Plaintiff requested information.  Decl. ¶ 21.

6.     By letter dated April 6, 2005, Assistant Counsel Marlene Wahowiak (Wahowiak),

informed the Plaintiff that after careful consideration of his request that OPR decided to refuse to

confirm or deny the existence of any records responsive to his request.  Furthermore, lacking an

individual's consent, an official acknowledgment of an investigation, or an overriding public

interest, even to acknowledge the existence of investigatory records pertaining to an individual

would constitute a clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C.

§552(b)(6) and could reasonably be expected to constitute an unwarranted invasion of personal

privacy pursuant to 5 U.S.C. §552(b)(7)(C).  Finally, Assistant Counsel Wahowiak advised the

Plaintiff that he could appeal OPR's response by writing to the Office of Information and Privacy

within sixty days of his receipt of OPR's response letter.  Decl. ¶ 21, Exh. 7.

7.     On May 9, 2005, OPR received a copy of a May 6, 2005 letter from the Office of

Information and Privacy (OIP) to the Plaintiff acknowledging the receipt of the Plaintiff's appeal

of OPR's April 6, 2005 FOIA determination.  Attached to OIP's acknowledgment letter was a

copy of the Plaintiff's April 19, 2005 FOIA appeal letter.  Decl. ¶ 22, Exh. 8.

8.     On July 13, 2005, OPR received a copy of OIP's July 12, 2005 letter to the

Plaintiff concerning its appeal determination.  OIP advised the Plaintiff that "[a]fter carefully

considering your appeal, I have decided to affirm the action of OPR in refusing to confirm or

deny the existence of the records you requested."  In addition, OIP advised the Plaintiff that

3

"[w]ithout consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual would constitute a clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C. §552(b)(6), and could reasonably be expected to constitute an unwarranted invasion of personal privacy pursuant to  U.S.C. §552(b)(7)(C)."  Finally, OIP advised the Plaintiff that he could seek judicial review pursuant to 5 U.S.C. §552(a)(4)(B), if he was dissatisfied with OIP's action on his appeal.  Decl. ¶ 23, Exh. 9.

Dated: November 23, 2005.

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_/s/_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CESAR SOLARIO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:  05-1617 (CKK)** |
| | ) | |
| **OFFICE OF PROFESSIONAL** | ) | |
| **RESPONSIBILITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, identified in the Complaint as the Office of Professional Responsibility,[1]

through the undersigned counsel, respectfully moves this Court for summary judgment pursuant

to Fed. R. Civ. P. 56(c).

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the

Privacy Act, 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA request by the

Office of Professional Responsibility ("OPR"), a component of the Department of Justice

("DOJ").  As demonstrated by the attached declaration of Dale K. Hall, Freedom of Information

Specialist, OPR,[2] Defendant properly responded to Plaintiff's request for records concerning

third parties, and properly invoked and justified its reliance on statutory exemptions under the

FOIA and Privacy Act.  Thus, for the reasons set forth below, Defendant is entitled to summary

judgment.

---

[1]    Under 5 U.S.C. § 552(a)(4)(B) and (f)(1), the only proper defendant in this case is the
United States Department of Justice.

[2]    Attached as Exhibit 1.

# BACKGROUND

## I.    OPR

OPR was created in 1975 for the purpose of receiving and reviewing allegations concerning misconduct by a Department employee that may be in violation of law, regulations or orders, or of applicable standards of conduct.  28 C.F.R. §0.39a(a).  Based on OPR's preliminary review, the regulations also authorized OPR to refer allegations to another Department component for investigation, or to notify the AG or other senior Department official of the allegation and recommend investigation by a task force, individual, or OPR itself.  28 C.F.R. §0.39a(g) and (h).  Decl. ¶ 8, Exh. 2.  In 1994, the AG defined the present jurisdiction of OPR as to attorneys in A.G. Order No. 1931-94, which states:

> The Office of Professional Responsibility of the Department of Justice ("DOJ OPR") shall have jurisdiction to investigate allegations of misconduct by Department attorneys that relate to the exercise of their authority to investigate, litigate or provide legal advice.  DOJ OPR shall also have jurisdiction to investigate allegations of misconduct by law enforcement personnel when they are related to allegations of misconduct by attorneys within the jurisdiction of DOJ OPR.

Decl. ¶ 9, Exh. 3.

OPR's jurisdiction was enacted into law with the passage of Public Law 107-273, §308 (Nov. 2, 2002, 116 Stat. 1784), which requires the Department's Inspector General to refer to OPR "allegations of misconduct involving Department attorneys, investigators, or law enforcement personnel, where the allegations relate to the exercise of the authority of an attorney to investigate, litigate or provide legal advice."  As required by that statute, which is now codified at 5 U.S.C. App. 3, §8E, all Department employees must bring such allegations to the attention of OPR.  See 28 C.F.R §0.29c(b); see also Decl. 10, Exh. 4, 5.  Thus, the AG revised

2

OPR's mission from that described in the regulations at 28 C.F.R. §0.39a, and as a result, pursuant to §0.39a(h), the AG has directed OPR to investigate allegations of misconduct by Department attorneys and Department law enforcement personnel that relate to the attorney's authority to investigate, litigate or provide legal advice, to the exclusion of the delegation alternatives still described in 28 C.F.R. §0.39a(d), which pertains to the referral of allegations for investigation or examination by another DOJ component. <u>See</u> Decl. ¶ 11.

OPR does not monitor or supervise performance of DOJ personnel employed by other DOJ components (other than OPR's own employees) and individuals not employed by DOJ (i.e., contractors, state and local employees, etc.). <u>See</u> Decl. ¶ 12. OPR receives and conducts an independent review and investigation of complaints and other records concerning alleged misconduct involving Department attorneys and law enforcement personnel received from criminal defendants, DOJ employees, private attorneys, Federal courts and private citizens. <u>See</u> Decl. ¶ 13. These complaints and supporting records are then compiled into one of three investigative categories. The first category of complaints is described as "correspondence matters," which involve allegations of misconduct that does not warrant substantive investigation. These complaints are resolved through a detailed review of the complaint and supporting documentation and may include issues which were previously litigated and decided by the courts or which should be addressed in court pleadings. Some of these "correspondence matters" may also involve complaints that do not fall within OPR's jurisdiction. The second category of complaints is described as "inquiries." These complaints involve allegations which require a detailed attorney review and analysis, and often require written responses from the subjects of the allegations to reach a proper disposition of the complaints. The final category of

complaints is described as "investigations."  These types of complaints involve matters that

require full investigations, including interviews of all relevant witnesses and a detailed analysis

of all relevant documents.  While the level of investigative effort used by OPR may vary by

category, the complaints made against DOJ attorneys and law enforcement personnel typically

involve serious allegations of violations of law, orders, regulations, rules of professional conduct,

and DOJ ethical standards or policies, which could lead to criminal prosecution, sanctions, civil

liability for both the Department and the subject, suspension or termination of employment,

suspension or revocation of the license to practice law by the subject's state bar association, and

other disciplinary action.  Id.

        OPR's investigative records are maintained in OPR's PA system of records entitled

"Office of Professional Responsibility Record Index (Justice/OPR-001)."  Decl. ¶ 14 (citing 63

Fed. Reg. 68299, 67 Fed. Reg. 70967 and 69 Fed. Reg. 21160).  In addition, other records (i.e.,

correspondence) are maintained in accordance with the Department-wide PA system of records

entitled "Correspondence Management Systems (DOJ/003).  See 66 Fed. Reg. 29992, 66 Fed.

Reg. 41445 and 67 Fed. Reg. 65598.  Finally, OPR also maintains certain records and reports in

subject matter files.  These subject matter files include copies of:  OPR annual reports, OPR

annual FOIA reports, certain OPR investigative reports publicly disclosed either in full or in part,

public summaries authorized for release by the Department through the Office of Public Affairs,

and various other reports pertaining to OPR (e.g., GAO audit reports).  OPR also makes annual

reports available to the public electronically on OPR's web site once they are approved for

release by the Department.

        Information concerning OPR's investigations are maintained in databases using the

software application Bibliographic Retrieval Service (BRS) based upon the category of

complaint involved.  These databases include "correspondence matters," "inquiries,"

"investigations," and FOIA/PA records.  See Decl. ¶ 15.

**II.    Plaintiff's FOIA/PA Request**

On March 24, 2005, OPR received a FOIA/PA request from the Plaintiff dated March 17,

2005, along with a Certification of Identity (Form DOJ-361) verifying the Plaintiff's identity.

Specifically, the Plaintiff requested a copy of "all records pertaining to: (1) Any report(s) made

by U.S. Attorney Office for the Central District of California in regards of the conviction of who

was former agent for DEA task force in Ontario California, Douglas John Boss; (2) Any reports

made by any prosecutor from the Central District of California in regards of alleged misconduct

by this former DEA agent Douglas John Bos[s] in my investigation, arrest, prosecution and

conviction, Case No. CR 96-847(A) -RSWL; (3) Any report made by any source in regards of

misconduct from Douglas John Boss and private investigators Ruddy Perez and Louis Moreno in

my case; [and] (4) Any investigation made by OPR in regards to this convicted former DEA

agent Douglas John Boss in my case."  Decl. ¶ 18, Exh. 6.

On March 25, 2005, OPR conducted a search of all BRS databases using the Plaintiff's

name to locate any complaints filed by the Plaintiff against any of the subjects identified in his

request.  No records pertaining to any such complaints filed by the Plaintiff were located.  Decl. ¶

19.  Next, OPR conducted several searches with respect to the Plaintiff's request for information

about the third-party individuals identified in the Plaintiff's request.  Dale Hall conducted a

search of DOJ's internet website for any records (i.e., press release) to determine whether DOJ

had officially acknowledged the existence of an OPR investigation pertaining to the subjects of

5

Plaintiff's request, but no such records were located. Mr. Hall also conducted a search of Westlaw databases "ALLNEWSPLUS," "LEGALNP," and "CANEWS" for any news articles that contained an official DOJ acknowledgment of an OPR investigation concerning the subjects of the Plaintiff's request, but no such news articles were located. Mr. Hall conducted a search of Westlaw database "ALLFEDS" to identify any court opinions containing a judicial criticism and referral of possible professional misconduct to either DOJ or OPR involving the subjects of the Plaintiff's request, but no such court opinions were located. Finally, Mr. Hall conducted a review of OPR's public summary index to determine whether DOJ had issued any public summaries concerning an investigation of alleged misconduct by any of the subjects of the Plaintiff's request, but no such public summaries were located. Decl. ¶ 20.

Based on the results of the searches described above, and based on the fact that, to date, Plaintiff has not provided OPR with written authorization from any third party for release of information or any proof of death for any of the individuals about whom Plaintiff requested information, Assistant Counsel Marlene Wahowiak (Wahowiak), by letter dated April 6, 2005, informed Plaintiff that OPR had carefully considered his request and refused to confirm or deny the existence of any records responsive to his request. Decl. ¶ 21. Furthermore, lacking an individual's consent, an official acknowledgment of an investigation, or an overriding public interest, even to acknowledge the existence of investigatory records pertaining to an individual would constitute a clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C. §552(b)(6) and could reasonably be expected to constitute an unwarranted invasion of personal privacy pursuant to 5 U.S.C. §552(b)(7)(C). Finally, Assistant Counsel Wahowiak advised the Plaintiff that he could appeal OPR's response by writing to the Office of Information and Privacy

within sixty days of his receipt of OPR's response letter.  Decl. ¶ 21, Exh. 7.

On May 9, 2005, OPR received a copy of a May 6, 2005 letter from the Office of

Information and Privacy (OIP) to the Plaintiff acknowledging the receipt of the Plaintiff's appeal

of OPR's April 6, 2005 FOIA determination.  Attached to OIP's acknowledgment letter was a

copy of the Plaintiff's April 19, 2005 FOIA appeal letter.  Decl. ¶ 22, Exh. 8.  On July 13, 2005,

OPR received a copy of OIP's July 12, 2005 letter to the Plaintiff concerning its appeal

determination.  OIP advised the Plaintiff that "[a]fter carefully considering your appeal, I have

decided to affirm the action of OPR in refusing to confirm or deny the existence of the records

you requested."  In addition, OIP advised the Plaintiff that "[w]ithout consent, proof of death,

official acknowledgment of an investigation, or an overriding public interest, confirming or

denying the existence of law enforcement records concerning an individual would constitute a

clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C. §552(b)(6), and could

reasonably be expected to constitute an unwarranted invasion of personal privacy pursuant to

U.S.C. §552(b)(7)(C)."  Finally, OIP advised the Plaintiff that he could seek judicial review

pursuant to 5 U.S.C. §552(a)(4)(B), if he was dissatisfied with OIP's action on his appeal.  Decl.

¶ 23, Exh. 9.

On September 12, 2005, Plaintiff filed this civil action against OPR.  Compl., Docket

Entry No. 1.

## STANDARD OF REVIEW

### I.    Summary Judgment (Fed.R.Civ.P. 56)

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is required

when the pleadings and evidence demonstrate that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);

Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540

(D.C. Cir. 1995).  Any factual assertions contained in affidavits and other evidence in support of

the moving party's motion for summary judgment shall be accepted as true unless the facts are

controverted by the nonmoving party through affidavits or other documentary evidence.  Fed. R.

Civ. P. 56(e).

　　　While all evidence and the inferences drawn therefrom must be considered in the light

most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 587 (1986), summary judgment should be granted if the moving party submits

"affirmative evidence that negates an essential element of the nonmoving party's claim" or

demonstrates "that the nonmoving party's evidence is insufficient to establish an essential

element of the nonmoving party's claim." High Tech Gays v. Defense Industrial Security

Clearance Office, 895 F.2d 563, 574, reh'g denied, 909 F.2d 375 (9th Cir. 1990) (citing Celotex

v. Catrett, 477 U.S. 317, 331 (1986)).

## II.    Summary Judgment In FOIA Cases

　　　FOIA cases are typically decided on motions for summary judgment.  See Cappabianca v.

Commissioner, United States Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once

documents in issue are properly identified, FOIA cases should be handled on motions for

summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).[3]  To be entitled

---

[3]  For purposes of summary judgment, an agency's decision to withhold information from
a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security
Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937
(1980).

to summary judgment, the agency must prove that each document was produced, not withheld, is

unidentifiable, or is exempt from disclosure.  Weisberg v. United States Dept. of Justice, 627

F.2d 365, 368 (D.C. Cir. 1980).  To meet its burden, the defendant may rely on affidavits or

declarations and other evidence by the agency which show that the documents are exempt from

disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386

(D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. United States

Department of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be granted

solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed

descriptions of the documents and allege facts sufficient to establish that the documents are

within the FOIA exemption category; the district court need look no further."  Citizens

Commission on Human Rights v. FDA, 45 F.3d 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d

1224, 1227 (9th Cir. 1991).  See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v.

Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  When the pleadings, supplemented by the affidavits

and declarations, show no genuine issue as to any material fact and the defendant is entitled to

judgment as a matter of law, summary judgment should be granted to the defendant.  See Perry v.

Block, 684 F.2d 121 (D.C. Cir. 1982).

       In this case, Defendant's declaration was prepared by Dale K. Hall, who is familiar with

the procedures followed by the agency in responding to requests for information under the FOIA.

See generally Decl.  Mr. Hall is also specifically familiar with the processing of Plaintiff's FOIA

request by OPR.  Id.

_____ARGUMENT

       A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld'

9

(3) 'agency records.'" United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989)

(quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)); see 5

U.S.C. § 552(a)(4)(B). In this case, Plaintiff has failed to show that Defendant improperly

withheld agency records. See United States Dep't of Justice v. Tax Analysts, 492 U.S. at 142.

Because Defendant properly responded to Plaintiff's request for records concerning third parties

and properly invoked and justified its reliance on statutory exemptions under the Privacy Act and

the FOIA, Defendant is entitled to judgment as a matter of law. See, e.g., Perry v. Block, 684

F.2d at 126.

I.    **In Responding to Plaintiff's Request For Third Party Information, OPR Conducted
      An Adequate Search And Found No Complaint Filed By Plaintiff And No Official
      Public Acknowledgment Relating To The Requested Information.**

       The agency's burden is to establish that it has conducted a search reasonably calculated to

uncover all responsive records. Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990);

Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C.

1993). The search standards under the FOIA do not place upon the agency a requirement that it

prove that all responsive documents have been located. Nation Magazine v. United States

Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). It has been held that "'the search need

only be reasonable; it does not have to be exhaustive.'" Miller v. Department of State, 779 F.2d

1378, 1383 (8th Cir. 1985) citing National Cable Television Association v. FCC, 479 F.2d 183,

186 (D.C. Cir. 1973). An agency is not required to search every record system, but need only

search those systems in which it believes responsive records are likely to be located. Ogelsby v.

U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). Even when a requested document

indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful

search for the document so long as the search was diligent.  Nation Magazine, 71 F.3d at 892 n.7.

Additionally, the mere fact that a document once existed does not mean that it now exists; nor

does the fact that an agency created a document necessarily imply that the agency has retained it.

Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993).

Simply stated, the adequacy of the search is "dependent upon the circumstances of the

case." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990).    The fundamental

question is not "whether there might exist any other documents responsive to the request, but

rather whether the search for those documents was adequate." Steinberg v. Department of

Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Department of Justice, 745 F.2d

1476, 1485 (D.C. Cir. 1984)).

The burden rests with the agency to establish that it has "made a good faith effort to

conduct a search for the requested records, using methods which can be reasonably expected to

produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926

F.2d 1197, 1201 (D.C. Cir. 1991).  "An agency may prove the reasonableness of its search

through affidavits of responsible agency officials so long as the affidavits are relatively detailed,

non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland, 607 F.2d at 352.

Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'"

Carney v. Department of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823

(1994) (quoting SafeCard Servs. v. SEC, 926 F.2d at 1200), the burden rests with the agency to

demonstrate the adequacy of its search.  Once the agency has met this burden through convincing

evidence, then the burden shifts to the requester to rebut the evidence by a showing of bad faith

on the part of the agency. Miller, 779 F.2d at 1383.  It is insufficient for a requester to attempt to

11

rebut agency affidavits with purely speculative claims.  See Carney, 19 F.3d at 813; SafeCard, 926 at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

In this case, as shown by the Declaration of Dale K. Hall, OPR met its burden to establish that the agency made a good faith effort to conduct an adequate search for the requested records. See Decl. ¶¶ 15, 16, 19-21.  Under Ogelsby, OPR reasonably searched those systems in which it believed responsive records were likely to be located.  Id.; see also Ogelsby, 920 F.2d at 68.

Specifically, OPR maintains its investigative records in a Privacy Act ("PA") system of records entitled "Office of Professional Responsibility Record Index (Justice/OPR-001)."  See Decl. ¶ 14.  Other records and correspondence are maintained in accordance with the Department-wide PA system of records entitled "Correspondence Management Systems (DOJ/003).  In addition, OPR maintains certain records and reports in subject matter files, which include copies of: OPR annual reports, OPR annual FOIA reports, certain OPR investigative reports publicly disclosed either in full or in part, public summaries authorized for release by the Department through the Office of Public Affairs, and various other reports pertaining to OPR (e.g., GAO audit reports).  Id.  OPR also makes annual reports available to the public electronically on OPR's web site once they are approved for release by the Department.  OPR does not maintain employment records of DOJ personnel employed by other components.  Any records maintained by OPR that may in some way pertain to the employment records of a DOJ attorney or a law enforcement official, if they exist, would be compiled for the law enforcement purpose of investigating allegations of professional misconduct.  Id.

Information concerning OPR's investigations are maintained in databases using the software application Bibliographic Retrieval Service (BRS) based upon the category of

complaint involved.  See Decl. ¶ 15.  These databases include "correspondence matters,"

"inquiries," "investigations," and FOIA/PA records.  The types of information entered into the

OPR databases usually include a summary of the investigative matters, a synopsis of incoming

complaints, correspondence or other information received by OPR, and electronic copies of OPR

reports, correspondence, memoranda, etc.  The records maintained in the BRS databases can be

accessed or located by searching several databases individually or all databases at the same time.

OPR investigative files are indexed, filed and retrieved by reference to a case number.  To locate

records responsive to a FOIA/PA request, a search of all databases is conducted using the name

of a subject, complainant, etc., or by the subject matter as described in the FOIA/PA request.

Once the universe of records is identified, a review of each electronic record is performed to

ensure that a potential responsive record or file is located.  If it cannot be determined from a

review of the electronic record that a record is responsive, a review of the physical file may need

to be conducted in order to make a final determination.  Searches for records utilizing general

subject matter terminology may likely identify either no records or a universe of records too large

to be useful.  Id.

In the event that a FOIA requester seeks only information pertaining to a third-party

individual(s), the search is performed in a slightly different manner.  See Decl. ¶ 16.  Initially, a

search is conducted using the name of the requester to determine whether the requester has filed a

complaint against the third-party individual(s), who is/are the subject(s) of their request.  If a

complaint filed by the requester is identified, the next step is to assess whether the requester has

submitted a written release authorization that enables OPR to process and release records

pertaining to the requester.  Id.  The purpose of the written authorization is to verify the identity

13

of the individual seeking access to records pertaining to themselves.  See 28 C.F.R. §16.41(d).  If

no complaint filed by the requester is identified, then a thorough review of the FOIA request is

performed to determine whether the requester has provided OPR with a written release

authorization from the subject(s) of the request or evidence that the subject(s) is/are deceased.

See Decl. ¶ 16.  Following this review, several searches are conducted to determine whether there

has been an official public acknowledgment by the Department of an OPR investigation relating

to the subject(s) of the request.  These searches include:  a search of DOJ's internet website for

any records (i.e., press release) indicating an official acknowledgment of an OPR investigation

pertaining to the subject(s); a search of various Westlaw databases for any news articles which

contain an official DOJ acknowledgment of an OPR investigation pertaining to the subject(s); a

search of Westlaw for any court opinions containing a judicial criticism and referral of possible

professional misconduct by the subject(s) to DOJ or OPR for investigation; and a review of

OPR's public summary index for any public summaries issued by DOJ concerning an

investigation of alleged misconduct by the subject(s).  Once the results of these reviews and

searches are completed, a final determination can be made concerning the processing of a FOIA

request for records pertaining to a third-party individual(s).  Id.

     In this case, OPR followed the procedures outlined above.  After OPR received Plaintiff's

FOIA/PA request, Mr. Dale K. Hall, a Freedom of Information Specialist at OPR, conducted a

search of all BRS databases using the Plaintiff's name to locate any complaints filed by the

Plaintiff against any of the subjects identified in his request.  See Decl. ¶ 19.  No records

pertaining to any such complaints filed by the Plaintiff were located.  Id.

     Next, Mr. Hall conducted several searches with respect to the Plaintiff's request for

information about the third-party individuals identified in the Plaintiff's request.  See Decl. ¶ 20.

Mr. Hall conducted a search of DOJ's internet website for any records (i.e., press release) to

determine whether DOJ had officially acknowledged the existence of an OPR investigation

pertaining to the subjects of Plaintiff's request, but no such records were located.  Mr. Hall also

conducted a search of Westlaw databases  "ALLNEWSPLUS," "LEGALNP," and "CANEWS"

for any news articles that contained an official DOJ acknowledgment of an OPR investigation

concerning the subjects of the Plaintiff's request, but no such news articles were located.  He

searched Westlaw database "ALLFEDS" in order to identify any court opinions containing a

judicial criticism and referral of possible professional misconduct to either DOJ or OPR

involving the subjects of the Plaintiff's request, but no such court opinions were located.  Finally,

Mr. Hall reviewed OPR's public summary index to determine whether DOJ had issued any

public summaries concerning an investigation of alleged misconduct by any of the subjects of the

plaintiff's request, but no such public summaries were located.  Id.

        Based on the results of all of these searches, OPR identified no complaint filed by the

requester and determined that OPR had not made an official acknowledgment of an investigation

relating to the subject of Plaintiff's request.  See Decl. ¶¶ 19-21.  Thus, OPR properly went on to

assess whether the requester had provided OPR with a written release authorization from the

subjects of Plaintiff's FOIA/PA request, former DEA agent Douglas John Boss and private

investigators Ruddy Perez and Louis Moreno.   See Decl. ¶ 16.

**II.     OPR Properly Relied on Statutory Exemptions Under the Privacy Act and the FOIA
         and Thus Properly Responded to Plaintiff's Request For Third Party Records.**

        Lacking a third party individual's consent or an overriding public interest, even to

acknowledge the existence of investigatory Privacy Act records pertaining to an individual would

constitute a clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C. §552(b)(6) and

could reasonably be expected to constitute an unwarranted invasion of personal privacy pursuant

to 5 U.S.C. §552(b)(7)(C).

**A.    Under The Privacy Act, 5 U.S.C. § 552a, Any Responsive Records Which May Exist Were Undisclosable.**

The Privacy Act, 5 U.S.C. §552a(j)(2), in conjunction with DOJ regulations, 28 C.F.R.

§§16.3, 16.41, et seq., exempt from mandatory disclosure OPR's systems of records or

information pertaining to third-party individuals, including the information maintained in "Office

of Professional Responsibility Record Index (Justice/OPR-001)" and "Correspondence

Management Systems (DOJ/003)". See Decl. ¶¶ 14, 16-17. The Privacy Act provides that "[n]o

agency shall disclose any record which is contained in a system of records by any means of

communication to any person, or to another agency, except pursuant to a written request by, or

with the prior written consent of, the individual to whom the record pertains." 5 U.S.C.

§552a(b). However, this provision does not prevent disclosures that are required by the FOIA. 5

U.S.C. §552a(b)(2). Any record or information that properly qualifies for protection pursuant to

one of the nine FOIA exemptions is not required to be released and would require the written

authorization of the individual who is the subject of that record or information prior to any

release.

In this case, Plaintiff requested "all records pertaining to: (1) Any report(s) made by U.S.

Attorney Office for the Central District of California in regards of the conviction of who was

former agent for DEA task force in Ontario California, Douglas John Boss; (2) Any reports made

16

by any prosecutor from the Central District of California in regards of alleged misconduct by this

former DEA agent Douglas John Bos[s] in my investigation, arrest, prosecution and conviction,

Case No. <u>CR 96-847(A) -RSWL</u>; (3) Any report made by any source in regards of misconduct

from Douglas John Boss and private investigators Ruddy Perez and Louis Moreno in my case;

[and] (4) Any investigation made by OPR in regards to this convicted former DEA agent Douglas

John Boss in my case." Decl. ¶ 18, Exh. 6. Thus, the requested information concerned third

party individuals, and any such information, if maintained in OPR's files, would be maintained in

a Privacy Act system of records. Accordingly, any possible responsive records were not

disclosable under the PA, unless their disclosure was made pursuant to a written request by, or

with the prior written consent of, the individual to whom the records pertain, or unless their

disclosure would be required under the FOIA, 5 U.S.C. § 552, or under the order of a court of

competent jurisdiction. <u>See</u>, <u>e.g.</u>, 5 U.S.C. §552a(b); Decl. ¶¶ 13-21.

   To date, Plaintiff has not provided OPR with written authorization from any third party

for release of information or any proof of death for any of the individuals about whom Plaintiff

requested information. <u>See</u> Decl. ¶ 20. Therefore, OPR properly went on to review whether

disclosure of any information would be required under the provisions of the FOIA.

   **B.    Under the FOIA, Any Responsive Records Which May Exist Were
           Undisclosable.**

       **1.    Disclosure of the existence of investigatory records pertaining to a
               third party would constitute an unwarranted invasion of personal
               privacy under FOIA Exemption 7(C).**

   In order for an agency to apply the law enforcement withholding provisions of the FOIA,

first the agency must demonstrate that the documents in question meet the threshold requirement

of "being compiled for law enforcement purposes" under Exemption 7.[4]  When a law

enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by

other agencies."  Keys v. U.S. Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987) (citing Pratt

v. Webster, 673 F.2d 408, 418 (D.C. Cir. 1982)).  The agency must simply show that "the nexus

between the agency's activity . . . and its law enforcement duties" is "'based on information

sufficient to support at least "a colorable claim" of its rationality.'"  Keys, 830 F.2d at 340

(quoting Pratt, 673 F.2d at 421).

      Because the current jurisdiction of OPR is focused on investigating non-frivolous

allegations of professional misconduct by DOJ attorneys and law enforcement personnel, most

records maintained by OPR are compiled for law enforcement purposes and fall within the scope

of 5 U.S.C. §552(b)(7).  See Decl. ¶ 13.  As described in the Hall Declaration, OPR receives and

conducts an independent review and investigation of complaints and other records concerning

alleged misconduct involving Department attorneys and law enforcement personnel received

from criminal defendants, DOJ employees, private attorneys, federal courts and private citizens.

Id.  The very nature of Plaintiff's FOIA request shows that any responsive information located in

OPR's files, if in existence at all, would be investigatory data compiled to carry out OPR's

enforcement purposes.  Id.; see also Decl. ¶¶ 14, 18, Exh. 6.

      The FOIA exempts from the requirement of disclosure these "records or information

compiled for law enforcement purposes" to the extent that the production of such law

_____

      [4]  Exemption 7 has been amended twice since FOIA's enactment in 1966.  The law
enforcement section of FOIA was amended in 1974 and in 1986.  During both amendment
processes, Congress sought to balance the protection required of federal law enforcement files
while complying with the letter and spirit of the disclosure aspects of FOIA.

enforcement information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) requires the agency and the reviewing court to weigh the public interest in the release of information against the privacy interest in nondisclosure. See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 762 (1989). The public interest in disclosure must be evaluated in light of FOIA's central purpose: "to open agency action to the light of public scrutiny." Id. at 772 (quoting Dep't of Air Force v. Rose, 425 U.S. 352, 372 (1976)). Information that does not directly reveal the operations or activities of the government "falls outside the ambit of the public interest that the FOIA was enacted to serve." Id. at 775. The plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests." Perrone v. FBI, 908 F. Supp. 24, 26 (D.D.C. 1995), citing Senate of Puerto Rico v. Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

Significantly, it is the "interest of the general public and not that of the private litigant" that matters. Brown v. FBI, 658 F.2d 71, 75 (2d Cir.1981). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" Davis v. Department of Justice, 968 F.2d 1276, 1282 (D.C. Cir.1992) (quoting Reporters Committee, 489 U.S. at 773) (internal quotation marks omitted). Courts have explicitly recognized that the privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir.1991). The Supreme Court has further found that where the privacy concerns addressed by Exemption 7(C) are present, the exemption is broad and requires the

19

person requesting the information to establish a sufficient reason for the disclosure.  National Archives and Records Admin. v. Favish, 541 U.S. 157, 172 (2004).  First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake.  Second, the citizen must show the information is likely to advance that interest.  Otherwise, the invasion of privacy is unwarranted.  Id. at 172-73.

In the case at hand, disclosure of any information concerning these third parties would be an unwarranted invasion of their personal privacy.  Any records maintained by OPR that may in some way pertain to the employment records of a DOJ attorney or a law enforcement official, if they exist, would be compiled for the law enforcement purpose of investigating allegations of professional misconduct.  See Decl. ¶ 14.  Plaintiff provided no facts to show any public interest which would outweigh the privacy interests of the third party individuals about whom Plaintiff requested information from OPR's investigative files.  Decl. ¶ 18, Exh. 6; see also Compl. at 2. A prisoner's personal interest in information to challenge his conviction does not raise a FOIA-recognized interest that should be weighed against the subject's privacy interest.  See, e.g., Thomas v. Office of the United States Attorney, 928 F.Supp. 245, 251 (E.D.N.Y. 1996); see also United States Department of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. at 778-81 ( "the public interest in the release of any rap sheet on [a third party] that may exist is not the type of interest protected by the FOIA.").  In short, no public interest would counterbalance the protected individuals' privacy rights in the information withheld under this exemption.  Because Plaintiff provided OPR with no authorizations or consents to release this otherwise protected material, nor has he provided proof of death regarding any individual, the privacy interests of those individuals clearly outweigh any potential public interest, and disclosure in this case would

20

be an unwarranted invasion of their personal privacy.

> **2.    Disclosure of the existence of investigatory records pertaining to a third party would constitute an unwarranted invasion of personal privacy under FOIA Exemption 6.**

The privacy interests of third party individuals are also protected pursuant to FOIA Exemption (b)(6), which protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The Court of Appeals has held that "similar files" includes "all information that applies to a particular individual," Lepelletier v. FDIC, 164 F.3d 37, 46 (D.C. Cir. 1999), "even if it is not embarrassing or of an intimate nature," National Association of Retired Federal Employees v. Horner, 879 F.2d 873, 875 (D.C. Cir. 1992) ("NARFE").

"[T]he only relevant 'public interest in disclosure' to be weighed" in the Exemption 6 balance "is the extent to which disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public understanding of the operations or activities of the government.'" United States Dep't of Defense v. FLRA, 510 U.S. 487, 495 (1994)(quoting United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. at 775 (emphasis in original)). It does not matter who the FOIA requester is or the purpose for which the request is made. Bibles v. Oregon Natural Desert Ass'n, 519 U.S. 355, 356 (1997); United States Dep't of Defense v. FLRA, 510 U.S. at 496. The requester's "personal stake in using the requested records . . . does not count." Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002).

As set forth in the Hall Declaration, the same OPR records protected from disclosure under FOIA Exemption 7(C) also fall within the category of "personnel and medical files and

similar files" protected under FOIA Exemption 6 to the extent that the information or records pertain to particular individuals.  See Decl. ¶ 13; see also 5 U.S.C. §552(b)(6).  This latter exemption would also cover all records compiled by OPR during its investigations of allegations of misconduct by attorneys, including those which a court may conclude were not compiled for law enforcement purposes due to the nature of the allegations.  See Decl. ¶ 13.  For example, the latter may include investigations of more minor allegations of misconduct, including allegations concerning the personal or intimate conduct of an attorney, allegations that have no bearing on the agency's conduct, or allegations which have little or no public interest value.  Id.

    Plaintiff contends that he "has a legal right to the records he seeks" because he "wants to know if the U.S. Attorney [sic] Office for the Central District of California complied with chapter 1-4.100 of the United States Attorney's Manual (USAM) by reporting misconduct of Law Enforcement Official (Douglas John Bos)."  Compl. at 2-3.  However, OPR properly determined that, on balance, the substantial privacy interests of third party individuals outweighed any minimal public interest which possibly could be served by any information's release.  See, e.g., Decl. ¶¶ 21, 23.  Consequently, the release of any information would have been "clearly unwarranted," and thus, the information requested by Plaintiff, if in existence at all, was also undisclosable under FOIA Exemption 6.  5 U.S.C. § 552(b)(6).

    Because OPR identified no complaint filed by the requester and determined that OPR had not made an official acknowledgment of an investigation relating to the subject of Plaintiff's request, see Decl. ¶¶ 19-21, and because Plaintiff failed to provide OPR with a written release authorization from the subjects of his FOIA/PA request and OPR found no overriding public interest in the requested information, OPR properly informed Plaintiff that it refused to confirm

22

or deny the existence of any records responsive to his request.  <u>See</u> Decl. ¶ 21.  OPR properly

invoked and justified its reliance on statutory exemptions under the Privacy Act and the FOIA,

and properly responded to Plaintiff's request for records concerning third parties.  Therefore,

OPR is entitled to judgment as a matter of law.

**CONCLUSION**

_____For all the foregoing reasons, Defendant respectfully requests that the Court grant

summary judgment for Defendant.  <u>See</u> Fed. R. Civ. P. 56(c).

Dated: November 23, 2005.

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_/s/_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion For Summary Judgment** was served upon plaintiff by

depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> **CESAR SOLARIO**
>
> **#07653-112    B-1**
>
> **F.C.I. - TEXARKANA**
>
> **TEXARKANA, TA. 75505**

on this  23rd   day of November, 2005.

_____

MEGAN ROSE

Assistant United States Attorney

Judiciary Center Building, 10th Floor

Civil Division

555 4th Street, NW

Washington, D.C. 20530

24