Westlaw.

Inspector General Act of 1978, § 8E, 5 U.S.C.A. App. 3

Page 1

C

**Effective: November 02, 2002**

United States Code Annotated Currentness
  Title 5. Government Organization and Employees (Refs & Annos)
    Appendix 3. Inspector General Act of 1978 [FN1] (Refs & Annos)
      → § 8E. Special provisions concerning the Department of Justice

(a)(1) Notwithstanding the last two sentences of section 3(a), the Inspector General shall be under the authority, direction, and control of the Attorney General with respect to audits or investigations, or the issuance of subpenas, which require access to sensitive information concerning--

  (A) ongoing civil or criminal investigations or proceedings;

  (B) undercover operations;

  (C) the identity of confidential sources, including protected witnesses;

  (D) intelligence or counterintelligence matters; or

  (E) other matters the disclosure of which would constitute a serious threat to national security.

(2) With respect to the information described under paragraph (1), the Attorney General may prohibit the Inspector General from carrying out or completing any audit or investigation, or from issuing any subpena, after such Inspector General has decided to initiate, carry out, or complete such audit or investigation or to issue such subpena, if the Attorney General determines that such prohibition is necessary to prevent the disclosure of any information described under paragraph (1) or to prevent the significant impairment to the national interests of the United States.

(3) If the Attorney General exercises any power under paragraph (1) or (2), the Attorney General shall notify the Inspector General in writing stating the reasons for such exercise. Within 30 days after receipt of any such notice, the Inspector General shall transmit a copy of such notice to the Committees on Governmental Affairs and Judiciary of the Senate and the Committees on Government Operations and Judiciary of the House of Representatives, and to other appropriate committees or subcommittees of the Congress.

(b) In carrying out the duties and responsibilities specified in this Act, the Inspector General of the Department of Justice--

  (1) may initiate, conduct and supervise such audits and investigations in the Department of Justice as the Inspector General considers appropriate;

  (2) except as specified in subsection (a) and paragraph (3), may investigate allegations of criminal wrongdoing or administrative misconduct by an employee of the Department of Justice, or may, in the discretion of the Inspector General, refer such allegations to the Office of Professional Responsibility or the internal affairs office of the appropriate component of the Department of Justice;

  (3) shall refer to the Counsel, Office of Professional Responsibility of the Department of Justice, allegations of misconduct involving Department attorneys, investigators, or law enforcement personnel, where the allegations relate to the exercise of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the authority of an attorney to investigate, litigate, or provide legal advice, except that no such referral shall be made if the attorney is employed in the Office of Professional Responsibility;

(4) may investigate allegations of criminal wrongdoing or administrative misconduct by a person who is the head of any agency or component of the Department of Justice; and

(5) shall forward the results of any investigation conducted under paragraph (4), along with any appropriate recommendation for disciplinary action, to the Attorney General.

(c) Any report required to be transmitted by the Attorney General to the appropriate committees or subcommittees of the Congress under section 5(d) shall also be transmitted, within the seven-day period specified under such section, to the Committees on the Judiciary and Governmental Affairs of the Senate and the Committees on the Judiciary and Government Operations of the House of Representatives.

(d) The Attorney General shall ensure by regulation that any component of the Department of Justice receiving a nonfrivolous allegation of criminal wrongdoing or administrative misconduct by an employee of the Department of Justice, except with respect to allegations described in subsection (b)(3), shall report that information to the Inspector General.

CREDIT(S) (Pub.L. 95-452, § 8E, formerly § 8D, as added Pub.L. 100-504, Title I, § 102(f), Oct. 18, 1988, 102 Stat. 2520; renumbered § 8E, Pub.L. 103-204, § 23(a)(3), Dec. 17, 1993, 107 Stat. 2408, and amended Pub.L. 107-273, Div. A, Title III, § 308, Nov. 2, 2002, 116 Stat. 1784.)

<<APPENDIX 3. INSPECTOR GENERAL ACT OF 1978 [FN1]>>

[FN1] Number and order of Appendixes editorially supplied.

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1988 Acts. House Report No. 100-771 and House Conference Report No. 100-1020, see 1988 U.S. Code Cong. and Adm. News, p. 3154.

1993 Acts. House Report No. 103-103(Parts I and II), House Conference Report No. 103-380, and Statement by President, see 1993 U.S. Code Cong. and Adm. News, p. 3040.

2002 Acts. House Conference Report No. 107-685 and Statement by President, see 2002 U.S. Code Cong. and Adm. News, p. 1120.

Amendments

2002 Amendments. Subsec. (b)(2), (3). Pub.L. 107-273, § 308(1), rewrote pars. (2) and (3), which formerly read:

"(2) shall give particular regard to the activities of the Counsel, Office of Professional Responsibility of the Department and the audit, internal investigative, and inspection units outside the Office of Inspector General with a view toward avoiding duplication and insuring effective coordination and cooperation; and

"(3) shall refer to the Counsel, Office of Professional Responsibility of the Department for investigation, information or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.