

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY 0 6 2005**

Mr. Cesar Solario
Register No. 07653-112, Unit B-1
FCI Texarkana
P.O. Box 7000
Texarkana, TX 75505-7000

     Re: Your letter dated April 19, 2005

Dear Mr. Solario:

     This is to advise you that your administrative appeal from the action of the Office of Professional Responsibility on your request for information from the files of the Department of Justice was received by this Office on April 28, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-1658**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

OPR

RECEIVED

Mar 9  12 05 PM '05

Received 4/28/05

05-1658

FOIA
(A)
OPR

U.S. Department of Justice
Office of Information and Privacy
Flag Building
Suite 570
Washington, D.C. 20530

April 19, 2005.

OFFICE OF INFORMATION
AND PRIVACY

MAY 05 2005

RECEIVED

Re: Freedom of Information Appeal

Dear Sir/Madam,

By letter dated March 17, 2005, I requested access to records concerning any report(s) or allegation(s) of misconduct in regards of Douglas John Bos among others -in my investigation, arrest, prosecution etc.- made by U.S. Attorney Office for the Central District of California. By letter dated April 06, 2005, Mr./Ms. Marlene M. Wahowiak, of the Freedom of Information Unit from the Office of Professional Responsibility, denied my request. Pursuant to the Freedom of Information Act, 5 U.S.C. 552, I hereby appeal that denial. I have enclosed a copy of my request letter and the denial that I have received.

One purpose that the FOIA was designed for is to "check against corruption". See Multnomah County Medical Soc'y v. Scott, 825 F.2d at 1415 (quoting NLRB v. Robbins Tire & Rubber Co, 437 U.S. 214, 242 (1978); see also Arieff v. United States Dep't of the Navy, 712 F.2d 1462, 1468 (D.C. Cir. 1983); Washington Post Co. v. HHS, 690 F.2d 252, 264 (D.C. Cir. 1982); National Ass'n of Atomic Veterans, Inc. v. Director, Defense Nuclear Agency, 583 F. Supp. 1483, 1487 (D.D.C. 1984). In this case, there is a strong public interest -besides my own interest- to know if the U.S. Attorney Office for the Central District of California complies with chapter 1-4.100 of the United States Attorney's Manual (USAM) by reporting misconduct allegation's of Law Enforcement officials that give testimony -like Douglas John Boss- at trial, (See attached copy of trial transcript where this agent provided testimony for the Government). See Akron Standard Div. of Eagle-Picher Indus. v. Donovan, 780 F.2d 568, 572 (6th Cir. 1986)(information relating to job performance that "had been fully explored in public proceedings" not exempt). Therefore, the office of Professional

Responsibility cannot invoke Exemption 7(c) to shield the fact that a third party -Douglas John Boss, among others- has been investigated, since the U.S. Attorney Office for the Central District of California has already publicly confirmed the arrest and conviction of this dishonest agent. Thus, there is no privacy interest, and no exemption apply in these circumstances.

I expect a response and the requested information and or records within 20 working days, as the law provides.

Very Truly Yours,

Cesar Solario
Reg.No.07653-112   B-1
FCI Texarkana
P.O. Box 7000
Texarkana, TX 75505-7000