IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CESAR SOLARIO                                     ) | |
| )                                                                   | |
| Plaintiff,                                        ) | |
| )                                                                   | |
| v.                                                ) | Civil Action No. 05-1617 (CKK) |
| )                                                                   | |
| )                                                                   | |
| U.S. DEPARTMENT OF JUSTICE; OFFICE OF             ) | |
| PROFESSIONAL RESPONSIBILITY                       ) | |
| )                                                                   | |
| Defendants.                                       ) | |
| )                                                                   | |
| )                                                                   | |

DECLARATION OF DALE K. HALL

I, Dale K. Hall, hereby declare as follows:

I.   **INTRODUCTION**

1. I have been employed as a Freedom of Information Specialist with the Office of Professional Responsibility (OPR) of the Department of Justice (DOJ) since November 29, 1998. OPR is responsible for investigating allegations of misconduct involving Department attorneys, investigators, or law enforcement personnel, where the allegations relate to the exercise of the authority of an attorney to investigate, litigate, or provide legal advice.

2. In my capacity as a Freedom of Information Specialist, my duties include processing requests received by OPR pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552, and the Privacy Act (PA), 5 U.S.C. §552a. I am familiar with the procedures followed by OPR in responding to the Plaintiff's FOIA request.

3. The purpose of this declaration is to describe OPR's function and records (sections III and IV), and to provide information concerning OPR's processing of the Plaintiff's FOIA/PA request (section V below).

## II.   THE FOIA AND PRIVACY ACT

4. The purpose of the FOIA is to provide any person access to Federal agency records upon written request. Such a request must reasonably describe the records being sought and be made in accordance with published rules. 5 U.S.C. §552(a)(3)(A). The purpose of the PA is to provide an individual with access to records about themselves and to establish guidelines for Federal agencies in the collection, maintenance and dissemination of records pertaining to individuals.

5. The rules published by DOJ with respect to the FOIA can be found at 28 C.F.R. §16.1, et seq. The rules published by DOJ with respect to the PA can be found at 28 C.F.R. §16.41, et seq.

6. Section 16.3(a) of the DOJ regulations provide that a written request for records should be made to the DOJ component that maintains those records. **See Exhibit 1.**

7. That section also provides that "If you are making a request for records about another individual, either a written authorization signed by that individual permitting disclosure of those records to you or proof that that individual is deceased" should be submitted to assist in the processing a FOIA request. 28 C.F.R. §16.3(a).

## III.   ROLE AND RESPONSIBILITIES OF OPR

8. OPR was created in 1975 by order of Attorney General (AG) Edward H. Levi, who approved the regulations now codified at 28 C.F.R. § 0.39 on December 9, 1975. OPR is headed by a Counsel, who is appointed by, and serves under the general supervision and direction of, the AG. 28 C.F.R. § 0.39. Those regulations authorized OPR, among other things, to receive and review allegations concerning misconduct by a Department employee that may be in violation of law, regulations or orders, or of applicable standards of conduct. 28 C.F.R. §0.39a(a). Based on its preliminary review, OPR was also authorized to refer the allegations to another Department component for investigation, or to notify the AG or other senior Department official of the allegation and recommend investigation by a task force, individual, or OPR itself. 28 C.F.R. §0.39a(g) and (h). **See Exhibit 2.**

9. In 1994, the AG defined the present jurisdiction of OPR as to attorneys in A.G. Order No. 1931-94. **See Exhibit 3.** Section I.A. of the order states:

> The Office of Professional Responsibility of the Department of Justice ("DOJ OPR") shall have jurisdiction to investigate allegations of misconduct by Department attorneys that relate to the exercise of their authority to investigate, litigate or provide legal advice. DOJ OPR shall also have jurisdiction to investigate allegations of misconduct by law enforcement personnel when they are related to allegations of misconduct by attorneys within the jurisdiction of DOJ OPR.

10. OPR's jurisdiction was enacted into law with the passage of Public Law 107-273, §308 (Nov. 2, 2002, 116 Stat. 1784), which requires the Department's Inspector General to refer to OPR "allegations of misconduct involving Department attorneys, investigators, or law enforcement personnel, where the allegations relate to the exercise of the authority of an attorney to investigate, litigate or provide legal advice." As required by that statute, which is now codified at 5 U.S.C. App.

3, §8E (**See Exhibit 4**), the AG insured by regulation that all Department employees bring such allegations to the attention of OPR. 28 C.F.R §0.29c(b). **See Exhibit 5**.

11. The AG, by 1994, thus had revised OPR's mission from that described in the regulations at 28 C.F.R. §0.39a. As a result, the AG, pursuant to §0.39a(h), has directed OPR to investigate allegations of misconduct by Department attorneys and Department law enforcement personnel that relate to the attorney's authority to investigate, litigate or provide legal advice, to the exclusion of the delegation alternatives still described in 28 C.F.R. §0.39a(d), which pertains to the referral of allegations for investigation or examination by another DOJ component.

12. OPR does not monitor or supervise performance of DOJ personnel employed by other DOJ components (other than OPR's own employees) and individuals not employed by DOJ (i.e., contractors, state and local employees, etc.).

## IV. <u>OPR RECORDS AND PA SYSTEMS OF RECORDS</u>

13. OPR receives and conducts an independent review and investigation of complaints and other records concerning alleged misconduct involving Department attorneys and law enforcement personnel received from criminal defendants, DOJ employees, private attorneys, Federal courts and private citizens. These complaints and supporting records are then compiled into one of three investigative categories. The first category of complaints is described as "correspondence matters," which involve allegations of misconduct that does not warrant substantive investigation. These complaints are resolved through a detailed review of the complaint and supporting documentation and may include issues which were previously litigated and decided by the courts or which should be addressed in court pleadings. Some of these "correspondence matters" may also involve complaints that do not fall within OPR's jurisdiction. The second category of complaints is

described as "inquiries." These complaints involve allegations which require a detailed attorney review and analysis, and often require written responses from the subjects of the allegations to reach a proper disposition of the complaints. The final category of complaints is described as "investigations." These types of complaints involve matters that require full investigations, including interviews of all relevant witnesses and a detailed analysis of all relevant documents. While the level of investigative effort used by OPR may vary by category, the complaints made against DOJ attorneys and law enforcement personnel typically involve serious allegations of violations of law, orders, regulations, rules of professional conduct, and DOJ ethical standards or policies, which could lead to criminal prosecution, sanctions, civil liability for both the Department and the subject, suspension or termination of employment, suspension or revocation of the license to practice law by the subject's state bar association, and other disciplinary action. Because the current jurisdiction of OPR is focused on investigating non-frivolous allegations of professional misconduct by DOJ attorneys and law enforcement personnel, most records maintained by OPR are compiled for law enforcement purposes and fall within the scope of 5 U.S.C. §552(b)(7). These same law enforcement records also fall within the category of "personnel and medical files and similar files" in accordance with 5 U.S.C. §552(b)(6) as the information or records pertain to particular individuals. This latter exemption would also cover all records compiled by OPR during its investigations of allegations of misconduct by attorneys, including those which a court may conclude were not compiled for law enforcement purposes due to the nature of the allegations. For example, the latter may include investigations of more minor allegations of misconduct, including allegations concerning the personal or intimate conduct of an attorney, allegations that have no bearing on the agency's conduct, or allegations which have little or no public interest value.

14. OPR's investigative records are maintained in OPR's PA system of records entitled "Office of Professional Responsibility Record Index (Justice/OPR-001)." See 63 Fed. Reg. 68299, 67 Fed. Reg. 70967 and 69 Fed. Reg. 21160. In addition, other records (i.e., correspondence) are maintained in accordance with the Department-wide PA system of records entitled "Correspondence Management Systems (DOJ/003). See 66 Fed. Reg. 29992, 66 Fed. Reg. 41445 and 67 Fed. Reg. 65598. Finally, OPR also maintains certain records and reports in subject matter files. These subject matter files include copies of: OPR annual reports, OPR annual FOIA reports, certain OPR investigative reports publicly disclosed either in full or in part, public summaries authorized for release by the Department through the Office of Public Affairs, and various other reports pertaining to OPR (e.g., GAO audit reports). OPR also makes annual reports available to the public electronically on OPR's web site once they are approved for release by the Department. OPR does not maintain employment records of DOJ personnel employed by other components. Any records maintained by OPR that may in some way pertain to the employment records of a DOJ attorney or a law enforcement official, if they exist, would be compiled for the law enforcement purpose of investigating allegations of professional misconduct.

15. Information concerning OPR's investigations are maintained in databases using the software application Bibliographic Retrieval Service (BRS) based upon the category of complaint involved. These databases include "correspondence matters," "inquiries," "investigations," and FOIA/PA records. The types of information entered into the OPR databases usually include a summary of the investigative matters, a synopsis of incoming complaints, correspondence or other information received by OPR, and electronic copies of OPR reports, correspondence, memoranda, etc. The records maintained in the BRS databases can be accessed or located by searching several

databases individually or all databases at the same time. OPR investigative files are indexed, filed and retrieved by reference to a case number. To locate records responsive to a FOIA/PA request, a search of all databases is conducted using the name of a subject, complainant, etc., or by the subject matter as described in the FOIA/PA request. Once the universe of records is identified, a review of each electronic record is performed to ensure that a potential responsive record or file is located. If it cannot be determined from a review of the electronic record that a record is responsive, a review of the physical file may need to be conducted in order to make a final determination. Searches for records utilizing general subject matter terminology may likely identify either no records or a universe of records too large to be useful.

16. In the event that a FOIA requester seeks only information pertaining to a third-party individual(s), the search is performed in a slightly different manner. Initially, a search is conducted using the name of the requester to determine whether the requester has filed a complaint against the third-party individual(s), who is/are the subject(s) of their request. If a complaint filed by the requester is identified, the next step is to assess whether the requester has submitted a written release authorization that enables OPR to process and release records pertaining to the requester. The purpose of the written authorization is to verify the identity of the individual seeking access to records pertaining to themselves. See, 28 C.F.R. §16.41(d). If no complaint filed by the requester is identified, then a thorough review of the FOIA request is performed to determine whether the requester has provided OPR with a written release authorization from the subject(s) of the request or evidence that the subject(s) is/are deceased. Following this review, several searches are conducted to determine whether there has been an official public acknowledgment by the Department of an OPR investigation relating to the subject(s) of the request. These searches include: a search of

DOJ's internet website for any records (i.e., press release) indicating an official acknowledgment of an OPR investigation pertaining to the subject(s); a search of various Westlaw databases for any news articles which contain an official DOJ acknowledgment of an OPR investigation pertaining to the subject(s); a search of Westlaw for any court opinions containing a judicial criticism and referral of possible professional misconduct by the subject(s) to DOJ or OPR for investigation; and a review of OPR's public summary index for any public summaries issued by DOJ concerning an investigation of alleged misconduct by the subject(s). Once the results of these reviews and searches are completed, a final determination can be made concerning the processing of a FOIA request for records pertaining to a third-party individual(s).

17. Records or information pertaining to third-party individuals maintained in Justice/OPR-001 is covered by the conditions of disclosure of the PA, 5 U.S.C. §552a(b), which provides "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." However, this provision does not prevent disclosures that are required by the FOIA. 5 U.S.C. §552a(b)(2). Any record or information that properly qualifies for protection pursuant to one of the nine FOIA exemptions is not required to be released and would require the written authorization of the individual who is the subject of that record or information prior to any release.

V.   **PROCESSING OF PLAINTIFF'S FOIA REQUEST**

18. On March 24, 2005, OPR received a FOIA/PA request from the Plaintiff dated March 17, 2005, along with a Certification of Identity (Form DOJ-361) verifying the Plaintiff's identity. Specifically, the Plaintiff requested a copy of "all records pertaining to: (1) Any report(s) made by

U.S. Attorney Office for the Central District of California in regards of the conviction of who was former agent for DEA task force in Ontario California, Douglas John Boss; (2) Any reports made by any prosecutor from the Central District of California in regards of alleged misconduct by this former DEA agent Douglas John Bos in my investigation, arrest, prosecution and conviction, Case No. CR 96-847(A) -RSWL; (3) Any report made by any source in regards of misconduct from Douglas John Boss and private investigators Ruddy Perez and Louis Moreno in my case; [and] (4) Any investigation made by OPR in regards to this convicted former DEA agent Douglas John Boss in my case." **See Exhibit 6.**

19. On March 25, 2005, I conducted a search of all BRS databases using the Plaintiff's name to locate any complaints filed by the Plaintiff against any of the subjects identified in his request. No records pertaining to any such complaints filed by the Plaintiff were located.

20. Next, I conducted several searches with respect to the Plaintiff's request for information about the third-party individuals identified in the Plaintiff's request. I conducted a search of DOJ's internet website for any records (i.e., press release) to determine whether DOJ had officially acknowledged the existence of an OPR investigation pertaining to the subjects of Plaintiff's request, but no such records were located. I also conducted a search of Westlaw databases "ALLNEWSPLUS," "LEGALNP," and "CANEWS" for any news articles that contained an official DOJ acknowledgment of an OPR investigation concerning the subjects of the Plaintiff's request, but no such news articles were located. I conducted a search of Westlaw database "ALLFEDS" to identify any court opinions containing a judicial criticism and referral of possible professional misconduct to either DOJ or OPR involving the subjects of the Plaintiff's request, but no such court opinions were located. Finally, I conducted a review of OPR's public summary index to determine

whether DOJ had issued any public summaries concerning an investigation of alleged misconduct by any of the subjects of the Plaintiff's request, but no such public summaries were located.

21. Based on the results of the searches described in ¶ 19 and ¶ 20, and on the fact that to date the Plaintiff has not provided OPR with any written authorization for the release of information from or any proof of death for any of the individuals about whom the Plaintiff requested information, Assistant Counsel Marlene Wahowiak (Wahowiak), by letter dated April 6, 2005, informed the Plaintiff that after careful consideration of his request that OPR decided to refuse to confirm or deny the existence of any records responsive to his request. Furthermore, lacking an individual's consent, an official acknowledgment of an investigation, or an overriding public interest, even to acknowledge the existence of investigatory records pertaining to an individual would constitute a clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C. §552(b)(6) and could reasonably be expected to constitute an unwarranted invasion of personal privacy pursuant to 5 U.S.C. §552(b)(7)(C). Finally, Assistant Counsel Wahowiak advised the Plaintiff that he could appeal OPR's response by writing to the Office of Information and Privacy within sixty days of his receipt of OPR's response letter. **See Exhibit 7.**

22. On May 9, 2005, OPR received a copy of a May 6, 2005 letter from the Office of Information and Privacy (OIP) to the Plaintiff acknowledging the receipt of the Plaintiff's appeal of OPR's April 6, 2005 FOIA determination. Attached to OIP's acknowledgment letter was a copy of the Plaintiff's April 19, 2005 FOIA appeal letter. **See Exhibit 8.**

23. On July 13, 2005, OPR received a copy of OIP's July 12, 2005 letter to the Plaintiff concerning its appeal determination. OIP advised the Plaintiff that "[a]fter carefully considering your appeal, I have decided to affirm the action of OPR in refusing to confirm or deny the existence

of the records you requested." In addition, OIP advised the Plaintiff that "[w]ithout consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual would constitute a clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C. §552(b)(6), and could reasonably be expected to constitute an unwarranted invasion of personal privacy pursuant to U.S.C. §552(b)(7)(C)." Finally, OIP advised the Plaintiff that he could seek judicial review pursuant to 5 U.S.C. §552(a)(4)(B), if he was dissatisfied with OIP's action on his appeal. **See Exhibit 9.**

24. I declare under the penalty of perjury the foregoing to be true and correct.

Executed on this 21st day of November 2005.

*Dale K. Hall*

DALE K. HALL