

# Office of the Attorney General
## Washington, D.C. 20530

JURISDICTION FOR INVESTIGATION OF ALLEGATIONS OF MISCONDUCT
BY DEPARTMENT OF JUSTICE EMPLOYEES
Order No. 1931-94

By virtue of the authority vested in me as Attorney General, including 28 U.S.C. §§ 509, 510 and the Inspector General Act of 1978, as amended, I hereby direct that the following procedures be followed in the investigation of allegations of misconduct by Department of Justice employees:

I. Jurisdiction

    A. Office of Professional Responsibility of the Department of Justice

    The Office of Professional Responsibility of the Department of Justice ("DOJ OPR") shall have jurisdiction to investigate allegations of misconduct by Department attorneys that relate to the exercise of their authority to investigate, litigate or provide legal advice. DOJ OPR also shall have jurisdiction to investigate allegations of misconduct by law enforcement personnel when they are related to allegations of misconduct by attorneys within the jurisdiction of DOJ OPR.

    B. Offices of Professional Responsibility of the Federal Bureau of Investigation and Drug Enforcement Administration

    The Offices of Professional Responsibility of the Federal Bureau of Investigation ("FBI OPR") and the Drug Enforcement Administration ("DEA OPR") shall have jurisdiction to investigate allegations of misconduct by employees of their respective agencies. Employees of the FBI or DEA who wish to report an allegation outside of their component may report to the Deputy Attorney General, who shall assign the matter as appropriate.

    C. Office of the Inspector General of the Department of Justice

    The Office of the Inspector General ("OIG") shall have jurisdiction to investigate allegations of misconduct, other than those in (A) and (B) above, by any Department employee, or of waste, fraud, or abuse by any contractor, grantee or other person doing business with or receiving benefits from the Department of Justice.

II. Coordination Among Offices

### A. In General

All components of the Department of Justice shall work cooperatively. Allegations received by one office that should be investigated by another office shall be referred to the appropriate office. In the event of disagreements concerning jurisdiction, the Deputy Attorney General will determine which office should investigate a particular allegation.

### B. Notifications by FBI OPR and DEA OPR of Internal Investigations

FBI OPR and DEA OPR shall notify DOJ OPR and OIG of the existence of investigations of employees of their respective agencies, except where either agency determines that notification could compromise the integrity of an investigation.

In all cases, DEA OPR and FBI OPR shall report the results of their investigations to DOJ OPR and OIG.

### C. Requests for Expansion of OIG's Authority

If OIG believes that it should take charge of a particular allegation under investigation by another office, the Inspector General may request authority from the Deputy Attorney General to take responsibility for the investigation.

### D. Notifications by OIG of Matters Reflecting on the Professional Ethics, Competence or Integrity of Department Attorneys

OIG shall notify DOJ OPR of the existence and results of any investigation by OIG that reflects upon the professional ethics, competence or integrity of a Department attorney, for appropriate action by OPR.

### E. Coordination Between OIG and FBI in Other Criminal Investigations

To ensure full and effective coordination of investigative activities, the FBI and OIG shall notify each other of the existence of all criminal investigations that fall within their joint jurisdiction over crimes involving the operations of the Department of Justice, except where either agency determines that notification could compromise the integrity of an investigation.

In all cases, the FBI and OIG shall notify each other of the results of criminal investigations that fall within their joint jurisdiction over crimes involving the Department of Justice.

## III. Confidentiality

Any sensitive information obtained by OIG or OPR about any law enforcement matter shall be held by them subject to the same standards of confidentiality and privacy under which such information would be held by any other component of the Department of Justice.

## IV. Audits and Inspections by OIG

Nothing in this Order restricts the existing authority of OIG to conduct audits and inspections.

V. Relationships with Prosecutive Offices

Nothing in this Order affects the existing relationships between investigative agencies and prosecutive offices.

VI. Pending Matters

This Order shall not require the transfer of any matter under investigation at the time this Order is adopted.

VII. Supersession

This Order supersedes Order No. 1638-92.

Janet Reno
Attorney General

Date: November 8, 1994

Go to: Cover Memorandum// U.S. Attorneys' Manual bluesheet, § 1-4.100//Attorney General's FOIA Page// FOIA Home Page//Justice Department Home Page