UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Cesar Solario,              :
                            :
        Plaintiff,          :
  v.                        :           Civil Action No. 05-1617 (CKK)
                            :
Office of Professional      :
Responsibility,             :
                            :
        Defendant.          :

## ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff, proceeding *pro se*, is advised of the following.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice... should include an explanation that the failure to respond...may result in the district court granting the motion and dismissing the case." *Id*. at 509. In addition, the Court's local rules require a party opposing a motion to serve and file a memorandum of points and authorities "[w]ithin 11 days of the date of service or at such other time as the court may direct . . . [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

Plaintiff is further advised that on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)(quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.

1982)). The court in *Neal* specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant. *Id*. Under Rule 56(e) of the Federal Rules of Civil Procedure,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's response, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties, such as Cesar Solario, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statement; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. *See Neal*, 963 F.2d at 457-58. Accordingly, it is this 28th day of November 2005,

**ORDERED** that plaintiff shall respond to defendant's motion for summary judgment no later than **January 3, 2006**. If plaintiff does not respond within the time provided, the Court will treat the motion as conceded and may dismiss the case.

                                               _____s/_____
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge

Paper Copy to:

Cesar Solario
R07653-112
Texarkana Federal Correctional Institution
P.O. Box 7000
Texarkana, TX 75505-7000